IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:14CR21
                                   (STAMP)
SEAN A. CHASE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
COUNT THIRTY FOR LACK OF VENUE**

I. Background

On April 1, 2014, the defendant in the above-styled criminal action was named in a 30-count indictment in the Northern District of West Virginia. Counts One through Twenty-Nine allege that the defendant knowingly made a false statement, representation, or certification in an application, record, report, plan, or other document filed or required to be maintained under mandatory health or safety standards in violation of 30 U.S.C. § 820. Count Thirty alleges that the defendant made a false statement to law enforcement in violation of 18 U.S.C. § 1001(a)(2). All of the counts in the indictment allege that the defendant's conduct occurred in the Northern District of West Virginia or "the Northern District of West Virginia and elsewhere."

The indictment further alleges that the defendant, while working for the Tunnel Ridge Mine in Triadelphia, Ohio County, West

Virginia,[1] falsely stated on several records that he was a mine foreman when in fact he was not certified by the West Virginia Office of Mine, Health, Safety, and Training ("WVOMHST") and not certified by the Mine Safety and Health Administration ("MSHA") to perform the examinations he claims he was certified to perform. The government alleges that this conduct occurred on 29 different occasions, thus, these instances account for Counts One through Twenty-Nine. As to Count Thirty, the government alleges that on or about April 17, 2014, the defendant made false statements to Department of Labor/MSHA special investigators in Spencer, Roane County, West Virginia,[2] by stating that he took the West Virginia State Mine Foreman Examination, stating he was issued a Mine Foreman Certification by the State of West Virginia, and stating he had a mine foreman card but had lost it.

After the indictment was filed, the defendant, through counsel, filed a motion to dismiss Count Thirty for lack of venue. In the motion, the defendant contends that pursuant to the indictment, the defendant made the alleged false statement in Spencer, Roane County, West Virginia, which is in the Southern District of West Virginia. Thus, because the false statement did not occur in the Northern District of West Virginia, Count Thirty

---

[1] Triadelphia, West Virginia is within the Northern District of West Virginia.

[2] Spencer, West Virginia is within the Southern District of West Virginia.

must be dismissed. However, the defendant acknowledges that this argument may be foreclosed by United States v. OceanPro, a United States Court of Appeals for the Fourth Circuit opinion which held that venue is appropriate in a district where the effects of a defendant's conduct are felt. 674 F.3d 323, 329 (4th Cir. 2012). Further, the defendant asserts that there is a circuit split on this issue with three courts, including the Fourth Circuit, on one side and two courts that have ruled in a way that would favor the defendant.

The government concedes that the alleged false statement did not occur in the Northern District of West Virginia. However, the government argues that the important element to consider in a § 1001 offense is the materiality of the statement. The materiality of the false statement in this action, the government contends, is related to the conduct committed by the defendant in the Northern District of West Virginia as referenced in Counts One through Twenty-Nine of the indictment. Thus, venue lies in this district.

For the reasons that follow, this Court finds that the defendant's motion to dismiss Count Thirty for lack of venue should be denied.

## II. Applicable Law

Two provisions of the United States Constitution provide direction about venue in a criminal action. Article III generally

3

requires that a criminal trial be held in the state where the crime was committed. U.S. Const. Art. III, § 2, cl. 3. The Sixth Amendment protects the right of a criminal defendant "to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Federal Rules of Criminal Procedure also provide direction. Rule 18 state that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." However, where the criminal statute does not specify how to determine the place of the offense for purposes of venue, a court must determine the place of the crime by discerning "'the nature of the crime alleged and the location of the act or acts constituting it.'" United States v. Oceanpro Industries, Ltd., 674 F.3d at 328 (quoting United States v. Cabrales, 524 U.S. 1, 6-7 (1998)). This determination is a two-part inquiry in which "a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999). See also United States v. Cabrales, 524 U.S. 1, 6-7. In identifying the nature of the crime for purposes of determining venue, courts in the Fourth Circuit may consider "only the essential conduct elements of an offense, not the circumstance elements . . . ." Bowens, 224 F.3d at 310.

4

Here, the relevant statute, 18 U.S.C. § 1001, contains no venue provision. Therefore, this Court must engage in the two-part inquiry described above to determine the place where the crime was committed by first identifying the conduct constituting the offense and then discerning the location of act or acts comprising the proscribed conduct.

A.  Nature of the Crime

A conviction under § 1001 requires that the government prove "(1) that a defendant made a 'materially false . . . statement,' (2) that the statement was made 'in [a] matter within the jurisdiction' of the United States, and (3) that the statement was made 'knowingly and willfully.'" Oceanpro Indus., Ltd., 674 at 328-29 (4th Cir. 2012). The Fourth Circuit has further held that a conviction under § 1001, where the "essential conduct constituting the offense inherently references the effects of that conduct, 'venue is proper in the district where those prescribed effects would be felt.'" Id. at 329. Thus, in this action "proving materiality necessarily requires evidence of the existence of the federal investigation in [the Northern District of West Virginia] and the potential effects of [Chase's] statement on that investigation." Id. (citation omitted).

5

Given the above precedent that has been set forth in the Fourth Circuit, the defendant's argument necessarily must fail.[3] Although the statements occurred in the Southern District of West Virginia, those statements "inherently reference" the conduct that occurred at the Tunnel Ridge Mine within the Northern District of West Virginia. As the government noted, the potential effects of the defendant's statements could have been the dismissal of the investigation against the defendant and the further violation by the defendant of mine and health safety standards. Accordingly, the conduct constituting the offense is the material false statements that the defendant made which had the potential of affecting the underlying investigations which constitute the basis of Counts One through Twenty-Nine.

B. <u>The Location of the Act or Acts Constituting the Offense</u>

In applying the law that appears above, the location of the act of providing false statements to law enforcement officials occurred in both the Southern District of West Virginia and the Northern District of West Virginia. The act itself occurred in the Southern District of West Virginia. However, the implications of that act and why it is material occurred in the Northern District

---

[3] The Court notes that the defendant has recognized a split within the circuit courts. However, given that there has not been an intervening United States Supreme Court case that would override the precedent of the Fourth Circuit, this Court must apply Fourth Circuit law.

of West Virginia.  As such, Count Thirty is retained as it cannot be dismissed for lack of venue.

### III. Conclusion

Based on the analysis above, this Court finds that the defendant's motion to dismiss for lack of venue is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 21, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE